## COMMONWEALTH *vs.* WILLIAM H. COX.

An indictment which alleges that the defendant did wilfully and maliciously injure an omnibus, of the value of five hundred dollars, by "wilfully and maliciously driving the pole of a horse railroad car at, against and through a panel of the said omnibus," by means of which "the said panel was broken in pieces, and the said omnibus was otherwise greatly injured," contains a sufficient averment of the value of the property injured, and that the panel was a part of the omnibus; and no averment of the amount of the injury done is necessary; and a verdict of guilty, which specially finds "the damage alleged in the said indictment to have been less than fifteen dollars," is a good conviction.

INDICTMENT charging that the defendant, at a time and place named, "certain personal property, to wit, an omnibus, of the value of five hundred dollars, the property of Jacob H. Hathorne, did wilfully and maliciously injure, by then and there wilfully and maliciously driving the pole of a horse railroad car at, against and through a panel of the said omnibus," "by means of which said wilful and malicious driving of the said pole against the said panel of the said omnibus, the said panel was broken in pieces, and the said omnibus was otherwise greatly injured."

At the trial in the superior court, before *Russell*, J., the jury returned a verdict of guilty, and found specially "the damage alleged in the said indictment to have been less than fifteen dollars." The defendant thereupon moved in arrest of judgment: "1. Because there is no allegation in said indictment that the property injured did or did not exceed the sum of fifteen dollars; 2. Because there is no allegation as to the value or amount of the injury done to the property described in said indictment; 3. Because said indictment is generally uncertain and void in law. No crime is therein legally charged." The defendant also moved that the verdict should be recorded as a verdict of not guilty. But the judge overruled both motions, and the defendant alleged exceptions.

*J. H. Bradley*, for the defendant.

*Foster*, A. G., for the Commonwealth.

CHAPMAN, J.   This indictment was founded on Gen. Sts. *c.* 161, § 85, which provides that " whoever wilfully and maliciously destroys or injures the personal property of another in any manner or by any means not particularly described or mentioned in this chapter,.shall be punished," &c., " provided that when the value of the property so destroyed or injured is not alleged to exceed the sum of fifteen dollars," the punishment shall be less than that before mentioned.

The defendant moves in arrest of judgment, and alleges three grounds of his motion.

1. A reference to the indictment shows that the property alleged to be injured was an omnibus of the value of five hundred dollars.

2. No allegation as to the value or amount of the injury done to the property, described is necessary.   If the actual injury amounted to less than fifteen dollars, it would affect the penalty.   Assuming that it would be necessary to allege that it amounted to more than fifteen dollars, in order to subject the defendant to the larger penalty, yet it would not be necessary to make a negative averment that it did not amount to that sum, to subject him to the lesser penalty.   *Larned* v. *Commonwealth,* 12 Met. 240.

But it is urged in support of this objection that it is not averred that the panel was then and there a part of the omnibus; and the case of *Commonwealth* v. *Bean,* 11 Cush. 414, is cited to this point.   In that case the defendant was indicted for breaking and destroying " the glass, to wit, two panes of glass of the value of ten cents each, in a certain building there situate."   The statute on which the indictment was framed was intended to punish the malicious breaking of glass which was part of a building; and as glass may be in a building without being a part of it, the indictment was obviously defective. The allegation would have been satisfied by proof that the glass was in the building as merchandise.   But in this case the panel is alleged to be a panel of the omnibus, and the omnibus is alleged to be injured by the breaking of the panel.   This sufficiently alleges that it was a part of the omnibus.

The defendant also moved that the finding of the jury be recorded as a verdict of not guilty, and that the defendant be discharged. It is urged in support of this motion that the verdict supports no allegation upon which a judgment can be founded. But it is a verdict of guilty, and it merely negatives the more aggravated offence. At most, the negative is mere surplusage, and does not vitiate the finding as to the lesser offence. *Exceptions overruled.*